JS-6

UNITED STATES DISTRICT COURT
CENTRAL DISTRICT OF CALIFORNIA
**CIVIL MINUTES - GENERAL**

| Case No. | CV 14-5455 PA (AJWx) | Date | September 29, 2014 |
|---|---|---|---|
| Title | Mary Heet v. Bank of New York Mellon, et al. | | |

| Present: The Honorable | PERCY ANDERSON, UNITED STATES DISTRICT JUDGE | |
|---|---|---|
| Paul Songco | Not Reported | N/A |
| Deputy Clerk | Court Reporter | Tape No. |

Attorneys Present for Plaintiffs: Attorneys Present for Defendants:

None None

**Proceedings:** IN CHAMBERS - COURT ORDER

Pursuant to this Court's Order of July 24, 2014, plaintiff Mary Heet ("Plaintiff") was required to file a First Amended Complaint adequately alleging a basis for subject matter jurisdiction no later than August 7, 2014. That Order specifically warned that "failure to file the First Amended Complaint by that date . . . may result in the dismissal of this action without prejudice." More than a month later, Plaintiff has failed to file an amended complaint.

Dismissal is appropriate here because Plaintiff has failed to comply with the Court's Order and has done nothing to cure that failure. Federal Rule of Civil Procedure 41(b) provides that a defendant may move for dismissal of an action for "failure of the plaintiff to prosecute or to comply with these rules or any order of court." Although Rule 41(b) provides for dismissal on the motion of the defendant, the Court can also dismiss an action sua sponte pursuant to Rule 41(b). See Link v. Wabash R.R. Co., 370 U.S. 626, 629-30, 82 S. Ct. 1386, 1388, 8 L. Ed. 2d 734 (1962); see also Alexander v. Pac. Mar. Ass'n, 434 F.2d 281, 283-84 (9th Cir. 1970). The permissive language of Rule 41 — that defendant "may" move for dismissal — does not limit the Court's ability to dismiss sua sponte if the defendant makes no motion for dismissal. Link, 370 U.S. at 630, 82 S. Ct. at 1388-89. The Court has the inherent power to achieve the orderly and expeditious disposition of cases by dismissing actions pursuant to Rule 41(b) with prejudice for failure to prosecute or for failure to comply with a court order. See id. at 629-30, 82 S. Ct. at 1388-89 (dismissal for failure to prosecute); Ferdik v. Bonzelet, 963 F.2d 1258, 1260 (9th Cir. 1992) (same); Yourish v. Cal. Amplifier, 191 F.3d 983, 987-88 (9th Cir. 1999) (dismissal for failure to comply with court order).

In Henderson v. Duncan, 779 F.2d 1421 (9th Cir. 1986), the Ninth Circuit set forth five factors for a district court to consider before resorting to the penalty of dismissal: "(1) the public's interest in expeditious resolution of litigation; (2) the court's need to manage its docket; (3) the risk of prejudice to the defendants; (4) the public policy favoring disposition of cases on their merits; and (5) the availability of less drastic sanctions." Id. at 1423. Cases involving sua sponte dismissal merit special focus on considerations relating to the fifth Henderson factor. Hernandez v. City of El Monte, 138 F.3d 393, 399 (9th Cir. 1998). Dismissal is appropriate "where at least four factors support dismissal, or where at least three factors 'strongly' support dismissal." Id. (internal citations omitted) (citing Ferdik, 963 F.2d

JS-6

# UNITED STATES DISTRICT COURT
## CENTRAL DISTRICT OF CALIFORNIA
### CIVIL MINUTES - GENERAL

| Case No. | CV 14-5455 PA (AJWx) | Date | September 29, 2014 |
|---|---|---|---|
| Title | Mary Heet v. Bank of New York Mellon, et al. | | |

at 1263).

     Here, in assessing the first Henderson factor, the public's interest in expeditious resolution of litigation will always favor by a dismissal. See Pagtalunan v. Galaza, 291 F.3d 639, 642 (9th Cir. 2002) (citing Yourish v. Cal. Amplifier, 191 F.3d 983, 990 (9th Cir. 1990)). Relatedly, with respect to the second factor, the Court's need to manage its docket will be served by dismissal. See id.

     The third Henderson factor at least marginally favors dismissal. The defendants may be further prejudiced unless the Complaint is dismissed. See Yourish, 191 F.3d at 991; Pagtalunan, 291 F.3d at 642 (holding that failing to timely amend risks prejudice and can justify dismissal).

     In considering the fourth and fifth Henderson factors, this Court's Order of July 24, 2014, as noted above, explicitly warned Plaintiff that the failure to file a First Amended Complaint could result in dismissal without prejudice of this action. Despite this warning, Plaintiff failed to file an amended complaint. Additionally, the Court intends to dismiss this action without prejudice. Accordingly, the fifth Henderson factor favors dismissal because the Court has adopted the "less-drastic" sanction of dismissal without prejudice. See McHenry v. Renne, 84 F.3d 1172, 1178 (9th Cir. 1996) (noting that the district court should first consider less drastic alternatives to dismissal with prejudice).

     As a result of Plaintiff's failure to file a First Amended Complaint establishing the subject matter jurisdiction of this Court, this action is dismissed without prejudice. See Fed. R. Civ. P. 41(b); see also Yourish, 191 F.3d at 986-88; Ferdik, 963 F.2d at 1260.

     IT IS SO ORDERED.